IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD R. PEVIA, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-13-3083 |
| BOBBY P. SHEARIN, et al. | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM

Self-represented plaintiff Donald R. Pevia, a Maryland prisoner incarcerated at North Branch Correctional Institution ("NBCI"), has filed suit, supplemented several times, against defendants Michael Stouffer, Commissioner; former Warden Bobby P. Shearin; Keith Arnold; Lt. Dale Smith; Lt. Paul Pennington; Christopher Wedlock; Nicholas Soltas; James Vinci; Christopher Ortt; Brian Goldizen; Jennifer Robertson; Warden Frank Bishop, and Richard E. Miller. ECF No. 1, 3, 5, 15. He alleges a civil rights violation under the Eighth Amendment to the Constitution, based on deliberate indifference to his severe medical needs. Defendants have moved to dismiss or for summary judgment ("Motion"). ECF 26. Plaintiff opposes the motion. ECF 28.[1]

No hearing is necessary to resolve this matter. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, defendants' Motion, construed as a motion for summary judgment, shall be granted in part and denied in part.

---

[1] On June 4, 2014, plaintiff was advised in writing of his right to respond to the Motion, and to support the response with exhibits. ECF 27. In response, plaintiff filed a "Motion for Summary Judgment." ECF 28. It is, in fact, an opposition to defendants' dispositive motion. For the reasons that follow, the motion will be denied.

The court is also in receipt of plaintiff's recent motion to supplement the complaint, yet again, as well as exhibits for summary judgment. ECF 32. That motion will be granted.

## I.     Factual Background

Plaintiff alleges in his complaint and amendments thereto that he suffers from a shoulder injury that necessitates his being handcuffed in front. ECF Nos. 1, 3, 5, & 15. At the outset, plaintiff filed an "Order To Show Cause For an [sic] Preliminary and Temporary Restraining Order" (ECF 1), alleging his Eighth Amendment rights were violated as a result of deliberate indifference to his severe medical needs, because Stouffer and Shearin refused to comply with his medical orders for front handcuffing. The court directed plaintiff to file an amended complaint. *Id*. ECF 2.

Plaintiff filed an amended complaint, adding defendants and reproducing the claims already before the court in the case of *Pevia v. Shearin*, Civil Action No. ELH-13-2905. ECF 3.[2] Thereafter, he filed an additional supplement naming defendants Wedlock, Soltas, Vinci, Ortt, Goldize, and Robertson as additional defendants. ECF 5. Plaintiff indicates that each time he was taken from his cell while housed on disciplinary segregation, from October 2012 to March 2013, his hands were cuffed behind his back, causing him severe pain. *Id*.

In addition to this claim, plaintiff also alleges that on March 18, 2013, he was returned to general population and his front cuffing orders were ignored there as well. ECF 5 at 4-5. Plaintiff states that he was cuffed during random shakedowns. On July 26, 2013, he sought renewal of his front cuffing order from Dr. Joubert, which plaintiff claims the doctor granted permanently. *Id*. Further, Pevia alleges that his medical order from Dr. Joubert for front cuffing

---

[2]*Pevia v. Stouffer*, Civil Action No. ELH-13-2905, was closed on January 29, 2014, upon the court granting defendants' dispositive motion. To the extent the instant case raises identical claims regarding failure to comply with front cuffing orders while plaintiff was housed on disciplinary segregation at NBCI, defendants' dispositive motion shall be granted for each of the reasons stated in the court's Memorandum and Order of dismissal dated January 29, 2014, incorporated herein. *See Pevia v. Stouffer*, Civil Action No. ELH 13-2905, ECF 21 & 22.

was "'alledgedly' [sic] lost" by staff but he obtained further permission for front cuffing on September 16, 2013. *Id*. at 5.

Plaintiff states that on August 5, 2013, NBCI was placed on lock down after a number of assaults on staff. Thereafter, plaintiff alleges, his front cuffing order was ignored and he was cuffed in back whenever he exited the cell. Plaintiff claims that he notified defendants they were violating doctor's orders and plaintiff's constitutional rights regarding cuffing, but the staff "disregarded" the "valid front cuff paperwork." *Id*.

In a further supplemental complaint (ECF 15), plaintiff alleges that he spoke with Assistant Warden Miller in February 2014 and inquired whether the blanket prohibition of front cuffing at NBCI would be rescinded. Miller advised that NBCI would "'handcuff people behind the back only.'" *Id*. at 2. Plaintiff states that he complained to Warden Bishop of the violation of the doctor's orders regarding front cuffing. *Id*. He also states that on March 5, 2014, his front cuffing paperwork was confiscated; he was told he would have to be cuffed from behind, and was also told that Colin Ottey, M.D., had been ordered to change the front cuffing papers. *Id*.

Defendants present the same contentions here as they advanced in their motion for summary judgment in the related case of *Pevia v. Stouffer*, Civil Action No. ELH-13-2905. They do not dispute that plaintiff suffers from an injury to his shoulder and has been provided medical orders for front handcuffing, although they do dispute the extent of his injury. ECF 26-1, Memorandum at 21. Defendants again argue that plaintiff failed to exhaust administrative remedies regarding the cuffing procedures. *Id*. at 15-17.

Further, defendants reiterate that NBCI is Maryland's highest security prison and that its Housing Unit 1 contains inmates on disciplinary segregation and those who have demonstrated a propensity for violence, assaultive behavior, and/or an inability or unwillingness to comply with

3

the rules and regulations of the prison system. ECF 26-3, Declaration of Major Stotler, Ex. 2 at 1-2. Defendants note that on August 30, 2012, Keith Arnold, Chief of Security at NBCI, issued a memorandum adopting strict handcuff procedures which were applied to all inmates on segregation and overrode medical directives for handcuffing Housing Unit 1 inmates. *Id*. at 2; *see also* ECF 26-2, Ex. 1. Defendants also reiterate that plaintiff, who was housed in Unit 1, is considered dangerous due to his adjustment history. ECF 26-3, Ex. 2 at 3-4. Defendants offer no information regarding cuffing procedures for inmates housed on general population.

## II. Standard of Review

Defendant's motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. ECF No. 12. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). When the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an

obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).[3]

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 159 (3d ed. 2004, 2011 Supp.). This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id.* at 149. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165-67.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc.,* 637 F.3d at 435, 448-49 (4th Cir. 2011). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or

---

[3] In contrast, a court may not convert a motion to dismiss to one for summary judgment *sua sponte*, unless it gives notice to the parties that it will do so. *See Laughlin*, 149 F.3d at 261 (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials.").

declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).

"[T]o justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir.), *cert. denied*, 555 U.S. 885 (2008).

If a non-moving party believes that further discovery is necessary before consideration of summary judgment, the party fails to file a Rule 56(d) affidavit at his peril, because "'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods,* 302 F.3d at 244 (citations omitted). But, the non-moving party's failure to file a Rule 56(d) affidavit cannot obligate a court to issue a summary judgment ruling that is obviously premature. Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit. *Id.* (internal citations omitted). According to the

6

Fourth Circuit, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Id.* at 244-45 (internal citations omitted).

Plaintiff has not filed an affidavit under Rule 56(d). However, he did file a motion asking the court to hold the Motion in abeyance, indicating that he could not adequately respond to the Motion without additional assistance and unspecified discovery. ECF 30. That motion was not accompanied by an affidavit or declaration. Moreover, plaintiff failed to explain how discovery would aid him in responding to the dispositive motion. Therefore, plaintiff's motion was denied. ECF 31. In addition, plaintiff filed his own motion for summary judgment, (ECF 28), supported by exhibits. *See* ECF 28-1.

In light of the foregoing, I am satisfied that it is appropriate to address the defendants' Motion as one for summary judgment, because it will facilitate resolution of the case.

Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides in part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party must demonstrate that there are disputes of material fact so as to preclude the award of summary judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith, Radio Corp.*, 475 U.S. 574, 586 (1986).

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material*

fact." *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id*. at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002); *see Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

The district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Moreover, the court may not make credibility determinations on summary judgment. *Black &. Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis*, 290 F.3d at 644-45. Indeed, in the face of conflicting evidence, such as competing affidavits, summary judgment is generally not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility. *See*, *e.g.*, *Boone v. Stallings*, \_\_\_\_ Fed. App'x. \_\_\_\_, No. 14-6521 (4th Cir. Sept. 11, 2014) (per curiam).

However, to defeat summary judgment, conflicting evidence must give rise to a *genuine* dispute of material fact. *See Anderson*, 477 U.S. at 247-48. If "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party," then a dispute of material fact precludes summary judgment. *Id.* at 248. On the other hand, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Id.* at 252. And, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.*

Because plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, the court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corporation v. Catrett*, 477 U.S. 317, 323–24 (1986)).

### III. Discussion

#### A. Failure to Exhaust Administrative Remedies

For the reasons stated in this court's Memorandum and Order of January 29, 2015, entered in *Pevia v. Stouffer*, Civil Action No. ELH-13-2905, ECF 21 & 22, I find that plaintiff's complaint is not subject to dismissal for failure to exhaust administrative remedies. Additionally, I note that plaintiff continued to file ARPs regarding the failure of prison personnel to abide by his medical order while on general population, but they, too, were dismissed as "previously resolved and repetitive." ECF 26-2, Ex 1 at 6-7.

#### B. Eighth Amendment Claim

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173

(1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). A "'serious . . . medical need'" is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan,* 196 F.3d 839, 846 (7th Cir. 1999)).

Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed either to provide it or to ensure the needed care was available. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). As the Fourth Circuit recently explained in *Lightsey*, 775 F.3d at 178, deliberate indifference "is a higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference."

Therefore, "[t]o show an Eighth Amendment violation, it is not enough that an official *should* have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Lightsey*, 775 F.3d at 178  The Fourth Circuit characterized this as an "exacting standard. . . ." *Id*. Moreover, in a case involving a claim of deliberate indifference to a serious

medical need, the inmate must show a "significant injury." *Danser v. Stansberry*, 772 F.3d 340, 346 n.8 (4th Cir. 2014).

Inmates may also state an Eighth Amendment claim as to the conditions under which they are confined. Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions that are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*.

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements; that "the deprivation of [a] basic human need was *objectively* 'sufficiently serious,'" and that "'*subjectively* the officials acted with a sufficiently culpable state of mind.'"

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citations omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called "punishment," and absent severity, such punishment cannot be called "cruel and unusual." *Iko v. Shreve*, 535 F.3d at 238 (citing *Wilson*, 501 U.S. at 298-300).

To establish a sufficiently culpable state of mind, there must be evidence that a known excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson*, 501 U. S. at 298. In other words, "the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. North Carolina Dept. of Corrections,* 612 F.3d 720, 723 (4th Cir. 2010, (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)). Conduct is not actionable under the Eighth Amendment unless it transgresses bright lines of clearly-established pre-existing law. *See Maciariello v. Sumner*, 973 F. 2d 295, 298 (4th Cir. 1992).

The objective prong of a conditions claim requires proof of an injury. "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of a serious or significant physical or emotional injury resulting from the challenged conditions. *See Odom v. South Carolina Dept. of Corrections*, 349 F. 3d 765, 770 (4th Cir. 2003).

Defendants' actions are not actionable unless, "in light of preexisting law the unlawfulness of those action is apparent." *Iko v. Shreve*, *supra*, 535 F. 3d at 238 (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "We do not require of such officials the legal knowledge culled by the collective hindsight of skilled lawyers and learned judges, but instead only the legal knowledge of an objectively reasonable official in similar circumstances at the time of the challenged conduct." *Johnson v. Caudill*, 475 F. 3d 645, 650 (4th Cir. 2007).

Plaintiff's claims regarding cuffing while housed on disciplinary segregation have previously been addressed by the court, as noted above, in a related case. But, plaintiff also claims here that his front cuffing orders were ignored when he was returned to general population. Defendants have entirely failed to address plaintiff's claims regarding his cuffing status while on general population. Indeed, defendants offer no explanation whatsoever for the refusal to comply with medical orders while plaintiff was housed on general population. Rather, defendants point to the need for back cuffing of inmates on Housing Unit 1--segregation. They

point to assault on staff by HU1 inmates, that HU1 at NBCI houses the most dangerous inmates and "is the one location where the strict policy restricting front cuffing is enforced." ECF 26-1 at 21. However, there is no information as to why plaintiff's medical orders regarding front cuffing were not honored once he was returned to general population.

Therefore, defendants' dispositive motion shall be denied as to plaintiff's claims regarding failure to comply with medical orders regarding front cuffing while he was housed on general population.

The determination of whether defendants are entitled to qualified immunity is more appropriately addressed after the facts of the case have been developed and a determination has been made as to whether Pevia has suffered a violation of his constitutional rights. Accordingly, dismissal of Pevia's complaint based on qualified immunity is not proper at this time.

In light of the foregoing, Pevia's complaint regarding failure to comply with medical orders regarding front cuffing while he was housed on disciplinary segregation at NBCI shall be dismissed. The pending dispositive motions shall be denied in all other respects. A separate Order follows, which includes the schedule that shall govern in this case.

<u>February 23, 2015</u>         _____/s/_____
Date                    Ellen Lipton Hollander
                      United States District Judge